# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JERRIE L. VALDIVIA,** | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. _____ |
| **OLLIE'S BARGAIN OUTLET INC., JOHN DOE and FICTITIOUS CORPORATE DEFENDANT**, both of whose true and correct names are not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment, | |
| Defendants. | |

## NOTICE OF REMOVAL

OLLIE'S BARGAIN OUTLET, INC. hereby submits this Notice of Removal of the action herein referred to from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows to the Court the following:

1.

OLLIE'S BARGAIN OUTLET, INC. is the Defendant in a civil action brought in the State Court of Gwinnett County, Georgia, that is entitled *Jerrie l. Valdivia v. Ollie's Bargain Outlet, Inc., et al.*, Civil Action File No. 18-C-01751-S4.  Attached hereto and made a part hereof as an Exhibit is a true and correct copy of the following pleadings[1] that are on file with the State Court of Gwinnett County:

Exhibit "A" - Summons and Plaintiff's Complaint;

To the best of Petitioner's knowledge, Exhibit "A" constitutes all of the pleadings which have been filed in the State Court of Gwinnett County in the subject case.

2.

The aforementioned action was commenced by the filing of the Complaint on March 2, 2018.  Ollie's was served on March 7, 2018.

3.

This Notice of Removal is filed within thirty (30) days after receipt by Ollie's, through service or otherwise, of a copy of a pleading, amended

---

[1] Discovery documents have been filed in the State Court action.  But, as Ollie's understands the Federal Rules and this Court's Rules, discovery materials are not pleadings and are not to be filed unless and until needed as evidence in the action.

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, pursuant to 28 U.S.C. §1446(b) and F.R.C.P. 6(a)(1)(c).[2]

4.

This Court has jurisdiction over this action pursuant to §1332 of Title 28 of the United States Code because there is complete diversity of citizenship between the Plaintiff and all Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.

Upon information and belief, Ollie's shows that the controversy between the Plaintiff and Defendants is a controversy between a citizen and resident of the State of Georgia (Plaintiff) and the Defendant, which is a Pennsylvania corporation whose principal place of business is also in that state.

6.

Plaintiff was at the time of the commencement of this action and still is a citizen and resident of the State of Georgia. (Complaint ¶1).

---

Therefore discovery materials are expressly excluded from this listing and will not be filed with the Court.

[2] This Notice is filed within 30 days of the date of the filing of the suit.

7.

Ollie's was at the time of the commencement of this action and still is a corporation organized under the laws of the State of Pennsylvania, whose principal place of business is Pennsylvania.

8.

Ollie's has a good-faith basis to believe that the $75,000 amount in controversy is met in this matter. While the Complaint is silent as to an exact amount of damages being sought, in a pre-suit demand letter Plaintiff's counsel asserted that Plaintiff had incurred $39,419.44 in medical specials as of October 2017. (*See* Exhibit B). In the Complaint, Plaintiff seeks not only the value of the past medical specials, but she also seeks damages for future medical expenses as well as past and future pain and suffering. Without going into great detail, Plaintiff's pre-suit demand package details her alleged injuries and the course of treatment, which included, among other things, bilateral transforaminal epidural steroid injections to L5/S1 on five different occasions. Additionally, that demand package included a $250,000 settlement demand, which the Court can consider. *See Ray v. GPR Hosp. LLC*, No. 1:14-CV-1309-CC, 2015 U.S. Dist. LEXIS 103615, at *1 (N.D. Ga. Aug. 7, 2015). Thus, while denying liability for these alleged damages, based upon the experience of Ollie's counsel and their knowledge of how juries

typically are asked to evaluate personal injury claims involving claims of pain and suffering, Ollie's has a good faith belief that the amount in controversy exceeds the $75,000 threshold requirement to invoke diversity jurisdiction. *See Riner v. Retained Subsidiary One, LLC*, Civil Action No. 7:14-CV-176 (HL), 2015 U.S. Dist. LEXIS 12149, at *1 (M.D. Ga. Feb. 3, 2015)(holding that based "the Court's own knowledge and experience" the amount in controversy was met in similar case where the medical specials totaled $52,875.88 at the time of removal and plaintiff sought past and future medical expenses and past and future pain and suffering).

9.

The Defendant is diverse from Plaintiff and complete diversity exists. The matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is a civil action brought in a State Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.

10.

Although Plaintiff's Complaint purports to same two fictitious Defendants, the Complaint is entirely silent as to who those entities are or who they might be. As such, they are disregarded for removal purposes

under 28 U.S.C. §1441(b)(1) and their purported presence does not impact the removal analysis in this matter.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one that Petitioner is entitled to remove to this Court pursuant to 28 U.S.C. §§1332, 1446(b).

WHEREFORE, Ollie's Bargain Outlet, Inc. prays that this Notice of Removal be filed and that said action be removed to and proceed in this Court and that no further proceedings be had in the said case in the State Court of Gwinnett County, Georgia.

Respectfully submitted this 30th day of March, 2018.

                                                **HAWKINS PARNELL THACKSTON & YOUNG LLP**

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hptylaw.com
skeith@hptylaw.com

                                                Warner S. Fox
Georgia Bar No. 272654
C. Shane Keith
Georgia Bar No. 411317
*Counsel for the Petitioners*

FILE COPY

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Jerrie L. Valdivia

_____

PLAINTIFF

CIVIL ACTION NUMBER: 18 C 01751-4

VS.

Ollie's Bargain Outlet Inc.

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

The McAleer Law Firm, P.C.
121 Church Street
Decatur, GA 30030
404.816.7374

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___2nd___ day of ___March___, 20_18_.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Exhibit A



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2018 MAR -2 AM 10: 59

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

**JERRIE L. VALDIVIA,**

    Plaintiff,

v.

**OLLIE'S BARGAIN OUTLET INC., JOHN DOE and FICTITIOUS CORPORATE DEFENDANT, both of whose true and correct names are not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment**

    Defendants.

CIVIL ACTION
FILE NO.

JURY TRIAL REQUESTED

**18 C 01751-4**

# COMPLAINT

**COMES NOW,** Jerrie L. Valdivia ("Plaintiff") and files this, her action for injuries as a result of the negligence of Ollie's Bargain Outlet Inc., John Doe and Fictitious Corporate Defendant, respectfully showing this Court as follows:

1.

Plaintiff is an adult resident of Gwinnett County, Georgia.

2.

Defendant Ollie's Bargain Outlet Inc. (hereinafter "Ollie's") is a Pennsylvania profit corporation authorized to conduct business in Georgia.

Page 1 of 4

3.

At all times relevant to this Complaint, Defendant Ollie's owned and operated store locations throughout Georgia, including Store No. 165 located at 56 Bullsboro Drive, Newnan, GA 30263, Coweta County.

4.

Defendant Ollie's registered agent is Corporation Service Company, who may be served with process at 40 Technology Parkway South, Suite 300, Norcross, GA 30092, Gwinnett County.

5.

Defendant Ollie's committed a tortuous act or omission while conducting its business in Georgia, and thereby is subject to the jurisdiction of this Honorable Court, and venue is proper in this Court as well.

6.

On December 21, 2016 Plaintiff was a patron of Ollie's Store No. 165 when Plaintiff slipped and fell, sustaining certain bodily injuries.

8.

Plaintiff slipped and fell because of a slippery hazard on the floor of Store No. 165.

9.

Plaintiff did not know of the existence of the slippery condition of the floor until after she had slipped and fallen.

10.

Plaintiff had no reason to know of the dangerous condition of the floor until after she had slipped and fallen at the aforementioned Ollie's Store No. 165 on December 21, 2016.

11.

Defendant Ollie's owed a duty of ordinary care to Plaintiff to notify her of the dangerously slippery condition on the floor of its store.

12.

Defendant Ollie's knew or should have known of the existence of the slippery floor and the dangerous condition of the floor and therefore was aware of the hazard to patrons of Ollie's.

13.

From the time Plaintiff entered the aforementioned Ollie's location on December 21, 2016, until the time when she slipped and fell, there were no signs, barriers or any kind of warnings in place to warn patrons that the ground was slippery.

14.

On December 21, 2016 Defendant Ollie's did not act reasonably in inspecting or maintaining the store's floor so as to prevent or correct the dangerous and hazardous condition.

15.

The Plaintiff's slip and fall as a result of the slippery condition on the floor resulted in severe bodily injury.

16.

Plaintiff's fall and subsequent injury were proximately caused by the negligence of Defendant Ollie's in that Ollie's:

    a)    failed to warn of the slippery substance on the floor;

    b)    failed to place proper warning signs around the slippery area;

    c)    failed to inspect the store floor so as to discover the hazard; and

    d)    failed to otherwise maintain the store's floor in a safe condition.

17.

As a direct and proximate result of the Defendant Ollie's negligence as set forth above, Plaintiff sustained bodily injury, endured and continues to endure pain and suffering, and incurred and continues to incur medical expenses.

WHEREFORE, Plaintiff respectfully prays for the following:

1. that the Summons and Complaint be served upon Defendant Ollie's as provided by law;

2. that judgment be entered against Defendant Ollie's in an amount sufficient to compensate Plaintiff for past and future pain and suffering, and past and future medical expenses;

3. that Plaintiff have trial by jury; and

4. For such other relief as the Court shall deem just and proper.

This the 27th day of February, 2018.

*/s/ Katherine L. Jackson*
Charles McAleer
GA Bar No. 480098
Katherine L. Jackson
GA Bar No. 708638
Amer H. Ahmad
GA Bar No. 927298
Attorneys for Plaintiff

**The McAleer Law Firm, P.C.**
121 Church Street
Decatur, Georgia 30030
404-816-7374 Phone
404.816.7375 Facsimile



121 CHURCH STREET
DECATUR, GEORGIA 30030
PHONE 404-816-7374
FACSIMILE 404-816-7375
WWW.MCALEERLAW.COM

October 19, 2017

<u>WRITER'S DIRECT ACCESS</u>
Charles McAleer
404-816-7374
cmcaleer@mcaleerlaw.com»

<u>**CERTIFIED MAIL RETURN RECEIPT NUMBER**</u>:
7017 1450 0000 7570 4107

Mr. Jacob Kalman
Johns Eastern Company Inc.
P.O. Box 38
Blue Bell, PA 19422

| | | |
|---|---|---|
| RE: | Our Client: | Jerrie L. Valdivia |
| | Your Insured: | Ollie's Bargain Outlet |
| | Your Claim No.: | 783358 |
| | Date of Loss: | 12/21/2016 |

Dear Mr. Kalman:

As you are aware, our firm has been retained to represent Ms. Jerrie L. Valdivia for injuries sustained in the above-referenced slip and fall. I have enclosed a copy of our client's medical records and other pertinent information that will enable you to evaluate this case in an expeditious fashion.

## LEGAL LIABILITY

On or about December 21, 2016, my client was a patron at your insured's premises. While shopping, Ms. Valdivia slipped and fell. She was informed by a cashier the floors had been waxed the night before. At the time of her fall, the floor was slick and there were no hazard signs posted.

As a result of your insured's negligence, Ms. Valdivia suffered serious injuries and damages.

## DAMAGES INCURRED

Since the time of her fall, Ms. Valdivia has experienced neck, back, hip, knee, shoulder, arm, hip, and groin pain. She received the following medical treatment:

10/25/2017 9:30:04 AM - Rec'd Johns Eastern Co.

<span style="color:orange">**Exhibit B**</span>

Page 2 of 5
10/19/17

**Coweta County EMS**

Ms. Valdivia was evaluated on the scene by emergency medical personnel for the complaint of back pain from a ground level fall. She was transported immobilized on a stretcher to the hospital for further evaluation.

**Piedmont Newnan Hospital**

Upon arrival to the emergency department, Ms. Valdivia was assessed for left hip and neck pain. CTs of the cervical, thoracic, and lumbar spine and x-rays of her left hip and pelvis were accomplished and resulted in no acute findings. Ms. Valdivia was diagnosed with contusion to left hip and muscle strain. She was given morphine and Zofran injections and discharged to her home.

**Georgia Bone and Joint**

Ms. Valdivia continued her treatment on December 28, 2016 at which time she complained of left hip and groin pain. She was diagnosed with pain in the joint of the left hip, contusion of the left hip and thigh, and left knee pain. X-rays of her hip and left knee were conducted. At a follow-up visit on January 5, 2017 she was instructed to increase activity as tolerable. At a visit on January 23, 2017, Ms. Valdivia complained of left shoulder pain. X-rays of her shoulder were performed and she was diagnosed with pain in the left shoulder and left shoulder impingement syndrome. She was given an injection to the left subacromial joint. A follow-up for her left knee pain was conducted on February 8, 2017 at which time she complained of pain in her left wrist. On February 13, 2017, a CT of her left shoulder was ordered. The study was performed on February 21, 2017 and resulted in the findings of a small focal full-thickness tear involving the anterior one third of the distal supraspinatus tendon. A fluoroscopic guided left shoulder arthrogram was performed on February 21, 2017 and was noted as being a technically successful fluoroscopic guided left shoulder arthrogram. A follow-up was performed on February 27, 2017 at which time surgical intervention was recommended. An additional follow-up visit was conducted on April 25, 2017. On April 26, 2017, Ms. Valdivia underwent a left shoulder arthroscopic rotator cuff repair and an arthroscopic subacromial decompression.

Ms. Valdivia was seen again for her wrist pain on February 20, 2017. X-rays of both her hands were performed and she was provided a prescription for Pennsaid. She received the additional diagnoses of pain in the left and right hand, and tendinitis of the left and right hand. On March 15, 2017, a removable plaster, short arm splint was applied to her left hand. On April 4, 2017, an EMG/NCS for bilateral upper extremities with a neurologist was recommended.

On June 13, 2017 she was evaluated for the complaint of neck pain. X-rays of the cervical spine were conducted. She was diagnosed with degeneration of the cervicothoracic intervertebral discs, cervicalgia, and acute torticollis. A Medrol Dose pack was recommended.

Ms. Valdivia underwent an initial physical therapy evaluation on June 1, 2017. A treatment plan was developed to include therapeutic exercises and manual therapy. She attended therapy between the dates of June 1, 2017 to August 23, 2016.

10/25/2017 9:30:04 AM - Rec'd Johns Eastern Co.

**Georgia Pain and Spine Care**

Ms. Valdivia continued her treatment on January 9, 2017 and was evaluated for the complaints of low back and hip pain. She received a refill of pain medication. On February 9, 2017, she underwent bilateral transforaminal epidural steroid injections to L5/S1. Additional visits were performed on 4/24/2017, 5/16/2017, 6/13/2017, and 7/11/2017.

The total special damages our client has incurred to date due to your insured's negligence are itemized as follows:

| | |
|---|---|
| Coweta EMS | $ 615.40 |
| Piedmont Newnan Hosptial | $ 12,246.76 |
| Radiology & Medical Imaging of Newnan | $ 201.50 |
| Schumacher Group | $ 1,874.00 |
| Georgia Pain and Spine | $ 9,261.00 |
| Georgia Bone & Joint | $ 11,770.78 |
| Sentry Anesthesia Management | $ 3,450.00 |
| **TOTAL MEDICAL DAMAGES** | **$ 39,419.44** |

Copies of the medical bills are included as a part of the enclosed Exhibits.

## GENERAL DAMAGES

In addition to the above-enumerated special damages, Ms. Valdivia suffered considerable pain and inconvenience as a result of your insured's negligence. Due to the nature of her injury, Ms. Valdivia initially had great difficulty performing basic physical functions involving the use of her neck, back, shoulder, arm, wrist, hip, and knee, such as standing, squatting, bending to the side, holding, lifting, climbing, sitting, getting up, scratching, stretching, touching toes, walking, and crawling. My client found it very difficult to locate a comfortable sleeping position and was unable to obtain a decent night's rest. She has experienced depression, anxiety, and fear that she would never recover from her injuries.

Ms. Valdivia has also experienced difficulties with her activities of daily living such as bathing, showering, shampooing and styling her hair, brushing her teeth, applying deodorant, putting on clothes, toilet care, climbing stairs, tying her shoes, cutting toenails, shaving, and applying makeup. She had to cut her hair short, as she was unable to care for it. She has been unable to perform tasks around her home to include washing dishes, vacuuming, sweeping/mopping, dusting, changing bed linens, making up her bed, ironing, putting away dishes, carrying and folding laundry, and taking out the trash. She has had to have assistance with all of these necessary responsibilities. She has been incapable of getting on the floor and play with her two great nieces due to her pain. Ms. Valdivia has two dogs and has been unable to care for them. She had to enlist the assistance of her Mother to walk them. Prior to the accident, she frequently attended bingo tournaments, but has been unable to do so since the fall. Ms. Valdivia has felt her need for assistance has made her a burden on her loved ones. To avoid being a burden on her family, she has remained isolated in her home.

10/25/2017 9:30:04 AM - Rec'd Johns Eastern Co.

Page 4 of 5
10/19/17

When this case is settled, Ms. Valdivia will no longer be able to look to your insured for compensation. Thus, our client's future medical needs should be taken into account when making your evaluation.

### DEMAND FOR SETTLEMENT AND COMPROMISE

We hereby offer to settle the claim of Ms. Jerrie L. Valdivia for ***$250,000.***  We are making this offer of settlement on behalf of our client now to allow you to make a full, comprehensive evaluation of the facts and circumstances underlying this claim.  We make this good faith offer to settle all claims within a reasonable time.

Experience has taught that, unless some general matters are agreed upon, what appears to be a successful settlement can unravel.  Therefore, please consider this settlement offer and any future settlement negotiations, to be subject to the following general terms:

1.  The settlement draft will be issued only in the names of Jerrie L. Valdivia and The McAleer Law Firm, P.C.;

2.  No reductions, setoffs, or withholdings from any settlement amount shall be implied or made unless expressly communicated, in writing, prior to acceptance of a settlement offer; proffered funds must be unconditional and unencumbered; and,

3.  Any settlement is contingent upon my approval of the language of the release to be signed only by Jerrie L. Valdivia.  Our client will execute no indemnity or hold harmless clauses.

If you have any objections to any of these general terms, please let us know in writing prior to our acceptance of any offer you may extend.  Otherwise, we presume that they are acceptable and that they will be considered to be a part of any counteroffers either of us may propose, even though not expressly restated.

This offer to compromise is made pursuant to O.C.G.A. § 51-12-14 ("Unliquidated Damages Interest Act').  We ask that you evaluate this case and tender any payment within fifteen (15) days of today's date.  Failure to pay such amount within thirty (30) days of the date of this letter will entitle my client to receive interest on the amount of this demand if judgment is rendered in this amount or in excess of same.

This letter constitutes an offer to compromise and shall be treated as such, according to O.C.G.A. § 24-3-37.  It shall not be used in any future judicial or quasi-judicial proceeding in the future, except as reserved herein.  It is intended to be used only in an action that may exist as a result of your refusal to honor this reasonable offer.

This demand is open for your acceptance for fifteen (15) days; after that time, your opportunity to settle for the proposed amount is withdrawn, with the claim resolved only by verdict in an amount rendered by a jury.

Page 5 of 5
10/19/17

      Acceptance of this demand can only be made by delivery of a check payable Jerrie L. Valdivia and The McAleer Law Firm, P.C.  Delivery should be made to The McAleer Law Firm, P.C., 121 Church Street, Decatur, GA 30030.

      I look forward to hearing from you.


                Very truly yours,

                The McAleer Law Firm, P.C.

                Charles McAleer

CM/kp
Enclosures
cc:    Jerrie L. Valdivia, without attachments

10/25/2017 9:30:04 AM - Rec'd Johns Eastern Co.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JERRIE L. VALDIVIA,**<br><br>    Plaintiff,<br><br>v.<br><br>**OLLIE'S BARGAIN OUTLET INC., JOHN DOE and FICTITIOUS CORPORATE DEFENDANT,** both of whose true and correct names are not further known to Plaintiff at this time, but when ascertained, will be added by way of amendment,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. _____ |

**CERTIFICATE OF SERVICE and
CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **NOTICE OF REMOVAL** with Exhibits "A" and "B" attached thereto, together with Attorney's Affidavit, Affidavit of Filing in State Court of Gwinnett County, and Notice of Filing by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

> Charles McAleer
> Katherine L. Jackson
> Amer H. Ahmad
> The McAleer Law Firm, PC
> 121 Church Street
> Decatur, GA 30030
> *Counsel for Plaintiff*

Counsel for Plaintiff I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Century Schoolbook" font, 13 point, as required by Local Rule 5.1(C).

Respectfully submitted this 30th day of March, 2018.

                          HAWKINS PARNELL
                               THACKSTON & YOUNG LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hptylaw.com
skeith@hptylaw.com

                               Warner S. Fox
                               Georgia Bar No. 272654
                               C. Shane Keith
                               Georgia Bar No. 411317
                               *Counsel for the Petitioners*